IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO:

Martín Huitrón,

   Plaintiff

v.             COMPLAINT

Ronnie E. Word, Gilda Hernandez, and
   Janette Garcia

   Defendants.

## PRELIMINARY STATEMENT

1. Plaintiff Martín Huitron is a migrant farmworker who was recruited in Georgia to work for Defendants in North Carolina. Defendants did not pay him the minimum wage, failed to comply with promises made to him, provided substandard housing, and illegally fired him when he complained about his living and working conditions.

2. The Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., to secure his unpaid minimum wages. Plaintiff also brings a claim under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. §§ 1800, *et seq.*, for statutory and/or actual damages. Plaintiff additionally brings a claim for retaliation pursuant to the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-240 *et seq*. Defendants are a farmer and two farm labor contractors.

3. Based on his claims under 29 U.S.C. § 206 of the Fair Labor Standards Act, Plaintiff seeks payment of back wages and an equal amount of liquidated damages, declaratory relief, attorney fees, and costs under 29 U.S.C. § 216(b). The Plaintiff seeks damages and declaratory relief to redress wrongs he suffered under the AWPA. 29 U.S.C. §§ 1854. Based on his claim under N.C. Gen. Stat. § 95-241(a), Plaintiff seeks payment of compensatory damages, trebled, attorney fees, and costs under N.C. Gen. Stat. § 95-243.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1337 (interstate commerce), 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (Fair Labor Standards Act), 29 U.S.C. § 1854(a) (AWPA), and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

## PARTIES

5. Plaintiff Martín Huitrón is a migrant farmworker who worked for Defendants in the summer of 2009.

6. At all times relevant to this action, Plaintiff was an employee of Defendants within the meaning of the FLSA.

7. At all times relevant to this action, Plaintiff was a migrant agricultural worker within the meaning of the AWPA.

8. Defendant Ronnie E. Wood is a farmer who lives and operates his business in Harnett County, North Carolina.

9. At all times relevant to this action, Defendant Ronnie E. Wood was an agricultural employer within the meaning of the AWPA.

10. At all times relevant to this action, Defendants Gilda Hernandez and Janette García were farm labor contractors within the meaning of the AWPA. Defendants Hernandez and García operate in Georgia and North Carolina.

11. At all times relevant to this action, Plaintiff was employed by Defendants when they were engaged in the production of goods for interstate commerce and/or was part of an enterprise that was engaged in interstate commerce.

12. At all times relevant to this action, Defendants were joint employers of Plaintiff within the meaning of the FLSA.

13. At all times relevant to this complaint, Defendants each exercised the authority to direct, control, and/or supervise the work of Plaintiff.

14. Defendants are all "persons" as defined by N.C. Gen. Stat. § 95-240(1).

## STATEMENT OF FACTS

15. In the summer of 2009, Defendant Hernandez posted signs in Glennville, Georgia recruiting persons to travel to North Carolina to work in farmwork. Plaintiff contacted Defendant Hernandez after seeing these signs, and traveled with a group of farmworkers to North Carolina to work.

16. Defendant Hernandez did not provide written disclosures to Plaintiff of the terms and conditions of employment at the time of recruitment. However, Defendant Hernandez orally promised Plaintiff he would work in tobacco in North Carolina and that there would be 60 or more hours of work per week. Defendant also promised Plaintiff he would receive free housing, with electricity included.

17. Defendant Wood hired Defendants Hernandez and García to provide him with workers, to supervise them, and to carry out his policies. Upon information and belief, Defendant Wood retained the right to control and supervise the details of the manner in which Defendants Hernandez and García carried out their work in his fields.

18. Plaintiff and his co-workers traveled to North Carolina and began working for Defendants Hernandez and García and Defendant Ronnie E. Wood on or around July 6, 2009.

19. Plaintiff had an express, constructive, or implied agreement that Defendant Wood would pay him the wages at the rate required by any applicable federal and/or state law when those wages were due for each hour or part of an hour that the Plaintiff performed compensable work under the NCWHA and/or the FLSA for Defendant.

20. The Plaintiff worked for Defendants in July and August, 2009, topping and suckering tobacco.

21. Defendant Janette García kept track of the hours worked by Plaintiff and his co-workers. Defendant Wood paid the workers directly. Defendant Hernandez then cashed the workers' paychecks for them and provided them with cash.

22. Defendant Wood provided Plaintiff a "Weekly Payroll Earnings Record." This record did not show the following information required by the AWPA: basis on which wages were paid; total pay period earnings; the net pay; or the employer's name, address, and Internal Revenue Service employer identification number. Defendant Wood did not provide Plaintiff with any other pay statement.

23. The Weekly Payroll Earnings Record did not include an accurate number of hours worked. Defendant Wood did not pay Plaintiff for all of the hours he worked because,

upon information and belief, he discounted the number of hours for which he paid Plaintiff for breaks to drink water, time spent waiting at the packing shed for rain to stop, and/or other unspecified reasons. Plaintiff took a one hour lunch break each day, but on occasions his lunch break was recorded as longer than one hour and he was not paid for the time beyond one hour that he actually worked.

24. On at least one occasion, Plaintiff and other employees complained to Defendant Hernandez that they were not being paid for all of the hours worked.

25. At times, Defendants did not provide Plaintiff with the number of hours per week that he was promised at the time of recruitment. Plaintiff was only offered work for approximately 30 hours in some weeks.

26. Upon information and belief, Defendant Wood did not make, keep, and preserve payroll records for Plaintiff for each pay period which included all of the information required under the AWPA.

27. Defendants did not post a notice at the jobsite describing workers' rights under the AWPA.

28. The federal minimum wage was $6.55 per hour from July 24, 2008 through July 23, 2009. On July 24, 2009, the federal minimum wage increased to $7.25 per hour.

29. Because of the off the clock work described in Paragraph 23, Defendant Wood did not pay Plaintiff at least the minimum wage for each hour he performed work for Defendant Wood. Defendant Wood also did not pay Plaintiff at least the promised wage of $7.25 per hour for each hour he performed work for them.

30. At all times relevant to this Complaint, neither Defendants Hernandez nor García possessed a farm labor contractor registration certificate from the United States Department of Labor.
31. Defendant Wood did not take reasonable steps to determine whether Defendants Hernandez and/or García possessed a valid farm labor contractor registration certificate.
32. Defendants Hernandez and García provided a trailer for Plaintiff to live in with his co-workers. The trailer was not registered with the North Carolina Department of Labor prior to occupancy. The sewage system and water supply of the trailer were not inspected by the county health department prior to occupancy.
33. The trailer was overcrowded. At times there were more than 15 people living there. There were only two bedrooms.
34. There was not a mattress for each migrant farmworker living in the trailer.
35. There was no electricity for some of the time the Plaintiff and his co-workers lived in the trailer.
36. Garbage containers for the trailer were not emptied when full nor were they emptied at least twice a week.
37. There were no fire extinguishers or smoke detectors provided for the trailer.
38. No laundry tub or tray was provided for the trailer.
39. There was no hot water available at the trailer for bathing or laundry.
40. Defendants Hernandez and García did not post a certificate of compliance with federal and state health and safety standards at the housing where Plaintiff was living. Defendants Hernandez and García also did not post a statement at the housing site showing the terms and conditions of occupancy.

41. Plaintiff and his co-workers paid $350 per month to live in the trailer. They also paid to have the electricity switched to their name.

42. During the time relevant to this Complaint, Defendants did not provide bathroom and hand washing facilities in the fields where Plaintiff was working.

43. During the time relevant to this Complaint, Defendants did not always provide drinking water in the fields where Plaintiff was working.

44. In mid-July, 2009, Plaintiff Martin Huitron complained to Defendants Hernandez and García about the poor conditions at the trailer where he was living, the lack of field sanitation, and about the wages he was earning.

45. On August 3, 2009, Plaintiff and some of his co-workers met with outreach workers from Legal Aid of North Carolina. Plaintiff and his co-workers complained about problems with the housing, the pay, and the conditions in the field to the outreach workers. Plaintiff requested that a complaint be filed on his behalf with the North Carolina Department of Labor.

46. On August 4, 2009, Plaintiff Martín Huitron complained to Defendant Hernandez about the lack of bathrooms and water in the fields.

47. Upon information and belief, that same day at least one of Plaintiff's co-workers informed Defendant Hernandez of the complaints the workers had made about housing and pay.

48. That same day, Defendant Hernandez fired Plaintiff Martín Huitron and approximately nine of the other workers from their jobs working for Defendant Wood. Defendant Hernandez told Plaintiff he was fired because of his complaints about health and safety and wages.

49. Plaintiff was fired in retaliation for exercising his rights under the AWPA, the North Carolina Wage and Hour Act, the FLSA, and the Occupational Safety and Health Act.

50. Plaintiff filed a complaint with the North Carolina Department of Labor on August 5, 2009 alleging violations of migrant housing and field sanitation standards.

51. On August 13, 2009 the North Carolina Department of Labor Agricultural Safety and Health Bureau inspected the trailer where Plaintiff and his co-workers were living.

52. On August 18, 2009 the North Carolina Department of Labor Agricultural Safety and Health Bureau inspected Defendant Wood's fields. On August 27, 2009, the NC Department of Labor cited Defendant Wood for failure to provide bathrooms and hand washing facilities.

53. On September 1, 2009, the North Carolina Department of Labor cited Defendant García for violations of the North Carolina Migrant Housing Act and federal OSHA standards for temporary labor camps, as outlined in Paragraphs 32 through 39.

54. The Plaintiff timely filed complaints with the North Carolina Department of Labor's Employment Discrimination Bureau on December 11, 2009 alleging violations of the Retaliatory Employment Discrimination Act by each of the Defendants. The North Carolina Department of Labor issued a merit right to sue letter regarding the complaint filed against Defendant Hernandez on January 27, 2010. The North Carolina Department of Labor issued a merit right to sue letter regarding the complaint filed against Defendant García on February 25, 2010. The North Carolina Department of Labor issued a right to sue letter regarding the complaint filed against Defendant Wood on March 11, 2010.

## FIRST CLAIM FOR RELIEF (FLSA)

55. Paragraphs 1-54 above are re-alleged and incorporated by reference.

56. Jurisdiction over Plaintiff's FLSA claims is conferred upon this court by 29 U.S.C. § 216(b).

57. Defendants failed to pay Plaintiff at least the required minimum wage for each hour or part of an hour that he performed work in each work week, in violation of 29 U.S.C. § 206.

58. As a result of Defendants' actions, Plaintiff suffered damages in the form of unpaid wages and liquidated damages that may be recovered from Defendants, jointly and severally, in accordance with 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF (AWPA)

59. Paragraphs 1-58 are re-alleged and incorporated by reference.

60. Defendants intentionally violated Plaintiff's rights under the AWPA, by, *inter alia*:

    a) Knowingly giving false or misleading information to Plaintiff in violation of 29 U.S.C. §§ 1821(f) and 1831(f);
    b) Violating the working arrangement without justification in violation of 29 U.S.C. 1822(c);
    c) Upon information and belief, failing to post a notice at the jobsite stating workers' rights under AWPA in violation of 29 U.S.C. §§1821(b) and 1831(b);
    d) Retaliating against Plaintiff for exercising his rights under the AWPA in violation of 29 U.S.C. § 1855(a);

61. Defendant Wood intentionally violated Plaintiff's rights under the AWPA by, *inter alia*:

    a) Failing to make, keep, and preserve the work and pay records required by §1821(d)(1);
    b) Failing to provide Plaintiff with an adequate pay statement as required by §1822(a);
    c) Failing to pay Plaintiff wages when due, in violation of §1822(a);
    d) Using the services of farm labor contractors who did not possess a valid registration certificate, in violation of 29 U.S.C. § 1842

62. Defendants Hernandez and García intentionally violated Plaintiff's rights under the AWPA by, *inter alia*:

a) Failing to possess a farm labor contractor registration certificate issued by the U.S. Department of Labor in violation of 29 U.S.C. § 1811;
   b) Failing to provide written disclosures to Plaintiff at the time of recruitment as required by 29 U.S.C. §§ 1821(a) and 1831(a);
   c) Failing to ensure that the housing provided to Plaintiff met all substantive federal and state health and safety standards in violation of 29 U.S.C. § 1823(b)(1);
   d) Failing to have the housing provided to Plaintiff by the North Carolina Department of Labor certified as meeting federal and state health and safety standards in violation of 29 U.S.C. § 1823(b)(1);
   e) Failing to post a certificate stating that the housing complied with federal and state health and safety standards in violation of 29 U.S.C. § 1823(b)(1)

63. For each violation of the AWPA, Plaintiff is entitled to recover his actual damages or up to $500 per violation in statutory damages.

## THIRD CLAIM FOR RELIEF
## (RETALIATORY EMPLOYMENT DISCRIMINATION ACT)

64. Paragraphs 1 through 63 above are realleged and incorporated by reference by Plaintiff.

65. The actions or failures to act by Defendants, as set forth in paragraphs 1-66, constitute illegal discrimination and retaliation under N.C. Gen. Stat. § 95-241(a)(3) against Plaintiff for his good faith act of pursuing his rights under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.

66. The actions of Defendants in terminating Plaintiff was taken deliberately despite knowledge of their responsibilities under the law to refrain from doing so, and constitute willful violations of N.C. Gen. Stat. § 95-241.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

   a. Accept jurisdiction of this case;

   b. Enter a declaratory judgment that Defendants willfully violated Plaintiff's rights under the FLSA and the AWPA;

c. Award Plaintiff the total unpaid wages due plus an equal amount in liquidated damages for violations of FLSA;

d. Award Plaintiff actual damages or, alternatively, statutory damages of $500 per violation, for Defendants' violations of the AWPA;

e. Declare that defendants' actions constitute illegal discrimination and retaliation under the North Carolina Retaliatory Employment Discrimination Act; N.C.G.S. § 95-243;

f. Award Plaintiff compensatory damages for loss of wages and benefits as well as other economic losses that were proximately caused Plaintiff by Defendants' retaliatory and discriminatory actions, treble those damages as allowed by N.C.G.S. § 95-243, and enjoin any continuing violation;

g. Award Plaintiff prejudgment and postjudgment interest as allowed by law;

h. Award Plaintiff reasonable costs and attorney's fees under 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-243; and

i. Award such other relief as this Court may deem just and proper.

This the 27th day of April, 2010.

NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, NC  27611
(919) 856-2165
(919) 856-2175 (fax)

BY:  /s/ Carol L. Brooke
     Carol L. Brooke
     919-856-2144
     carol@ncjustice.org
     Attorney at Law
     NC Bar # 29126

/s/ Clermont L. Fraser
Clermont L. Fraser
919-861-0606
clermont@ncjustice.org.
Attorney at Law
NC Bar # 36761